IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05 CV 290

STEVEN WILSON POARCH, SR.,

      Plaintiff,

      v.                                                                          **ORDER**

AMERICAN GENERAL FINANCIAL
SERVICES, INC.,

      Defendant.

      **THIS MATTER IS** before the Court upon Defendant's Motion to Dismiss or, in the

Alternative, for Summary Judgment, (file doc. 4), filed on June 20, 2005.  Plaintiff Steven

Wilson Poarch, Sr. filed his Response to this Motion on July 7, 2005.  Defendant then filed its

Reply to Plaintiff's Response on August 2, 2005.  Accordingly, this Motion is ripe for

disposition.

## I.      PROCEDURAL HISTORY

      Plaintiff filed the Complaint in this action in the Gaston County General Court of Justice

on May 15, 2005, seeking a declaratory judgment and injunctive relief, and claiming defamation,

unfair and deceptive trade practices, and a violation of the Fair Credit Reporting Act.  (Compl. at

1-4.)  Defendant removed the action to this Court on June 20, 2005, invoking federal question

jurisdiction under the claim involving the Fair Credit Reporting Act.  (Notice of Removal at 1.)

On the same day that the Notice of Removal was filed, Defendant also filed the Motion to

Dismiss currently before the Court.

## II.      FACTUAL HISTORY

Plaintiff resides in Gaston County, North Carolina. (Compl. ¶ 2.) Defendant is a North Carolina corporation which "provides loans, retail financing, and other credit-related products to consumers." (Def.'s Mem. at 2.) Defendant does not operate in any states other than North Carolina. (Def.'s Mem. at 2.) Plaintiff asserts that in May of 2001, at least one account was opened with the Defendant in his name. (Compl. ¶ 4.) Plaintiff was not aware that this account was opened, he did not consent to it, and he never used the account. (Compl. ¶¶ 4-5.) Defendant has allegedly "represented to various credit reporting agencies that the Plaintiff is indebted to it on the Account." (Compl. ¶ 6.)

On August 18, 2003, Plaintiff's counsel notified Defendant that the account had been opened fraudulently. (Compl. ¶ 7.) However, Defendant continued to report the account on Plaintiff's credit file. (Compl. ¶ 8.) In August of 2004, Plaintiff disputed the account with the credit reporting agencies and the agencies notified Defendant of the dispute. (Compl. ¶¶ 9-10.) Defendant then verified the existence of the account, and according to Plaintiff's Complaint, did so without conducting a "reasonable investigation" of Plaintiff's dispute. (Compl. ¶¶ 11.)

III.    LEGAL ANALYSIS

Defendant's Motion to Dismiss is made pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim on which relief may be granted. A motion to dismiss under Rule 12(b)(6) tests the legal sufficiency of a complaint and does not resolve contests concerning the facts, the merits of claims or the applicability of defenses. *See Randall v. United States*, 30 F.3d 518, 522 (4th Cir.1994); *see also Republican Party of North Carolina v. Martin*, 980 F.2d 943, 952 (4th Cir. 1992), *cert. denied*, 510 U.S. 828 (1993). Such motions "should be

2

granted only in very limited circumstances," *Rogers v. Jefferson-Pilot Life Ins. Co.*, 883 F.2d

324, 325 (4th Cir.1989), and a complaint will survive as long as it sets out sufficient facts for the

court to infer that each element of a cause of action is present. *See Wolman v. Tose*, 467 F.2d 29,

33 (4th Cir.1972). Furthermore, in considering a Rule 12(b)(6) motion, the complaint is to be

construed in the light most favorable to the plaintiff and the court is to assume its factual

allegations to be true. *See Hishon v. King & Spaulding*, 467 U.S. 69, 73 (1984); *Martin Marietta*

*v. Int'l Tel. Satellite*, 991 F.2d 94, 97 (4th Cir. 1992). Finally, "a motion to dismiss for failure to

state a claim should not be granted unless it appears to a certainty that the plaintiff would be

entitled to no relief under any state of facts which could be proved in support of his claim."

*McNair v. Lend Lease Trucks, Inc.*, 95 F.3d 325, 328 (4th Cir. 1996) (*en banc*).

Should the Court determine that Defendant's motion to dismiss is not well-taken,

Defendant has also moved for summary judgment in the alternative. Pursuant to Rule 56(c),

summary judgment is appropriate when the pleadings and discovery documents before the court

reveal that there is no genuine issue of material fact and the moving party is entitled to judgment

as a matter of law. Fed. R. Civ. P. 56(c); *see Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250

(1986); *Miller v. Federal Deposit Ins. Corp.*, 906 F.2d 972, 974 (4th Cir. 1990). A genuine issue

exists if there is evidence on which a reasonable jury could return a verdict for the non-moving

party. *Anderson*, 477 U.S. at 248. The evidence of the non-movant is to be believed and all

justifiable inferences drawn in his favor, *Matsushita Elec. Indust. Co. v. Zenith Radio Corp.*, 475

U.S. 574, 587 (1986), but a party cannot create a genuine issue of material fact through mere

speculation or a compilation of inferences. *See Runnebaum v. Nationsbank of Md., N.A.*, 123

F.3d 156, 164 (4th Cir. 1997) (citing *Anderson*, 477 U.S. at 255). Likewise, the party opposing

summary judgment cannot rest upon mere allegations, denials, or a "mere scintilla of evidence" in order to overcome summary judgment. *See Anderson*, 477 U.S. at 249-50. Instead, where the movant makes out a prima facie case that would entitle him to judgment as a matter of law at trial, summary judgment will be granted unless the opposing party offers some competent evidence that establishes the existence of a genuine issue of material fact for trial. *See Celotex Corp. v. Catrett*, 477 U.S. 317, 331 (1986).

First, as to Defendant's motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court finds that Plaintiff's Complaint sets forth proper and legally sufficient claims. On the face of the Complaint, this Court sees no reason to dismiss this action. Under the applicable standard, this Court has taken the factual allegations in the Complaint as true. And, even more importantly, the Court is mindful of the fact that a motion to dismiss does not resolve contests concerning the facts. Therefore, the Court finds that Plaintiff's Complaint is legally sufficient to withstand Defendant's Motion to Dismiss under Rule 12(b)(6).

However, there is a closer issue in determining whether to grant Defendant's Motion for Summary Judgment. It appears from the materials submitted to the Court that the account about which Plaintiff is complaining actually involves American General Financial Services, Inc. of Georgia ("AGFS-Georgia"), and that Defendant was not actually involved in the transaction at all. (Def.'s Mem. at 2-4.) Defendant unequivocally states that it had nothing to do with any of the actions alleged in Plaintiff's Complaint. (Def.'s Mem. at 2.) Plaintiff's Response flatly contradicts this statement though, leaving a genuine issue of material fact to be resolved. As stated in Plaintiff's response, "a copy of the Plaintiff's credit report from April 2003 reveals that American General Finance located on North Tryon Street in Charlotte, North Carolina is

4

reporting on the Plaintiff's credit file." (Pl.'s Resp. at 3.) And, as Plaintiff points out, the Defendant has not addressed "whether the North Carolina entity is reporting information on the Plaintiff's credit file, only that the Georgia Corporation 'held and serviced the Account.'" (Pl.'s Resp. at 3.)

In response to this allegation, Defendant attached Plaintiff's most recent credit report which shows that it is AGFS-Georgia which is reporting the account. (Def.'s Reply at 2-3, Ex. A.) However, Defendant does not explicitly deny the allegation that it was the North Carolina entity which was reporting on the 2003 credit report. And, Plaintiff could have suffered some specific injury from the 2003 report. If it is true that Plaintiff was a "complete stranger to the underlying credit transaction," it is plausible that he obtained the information about the account from a credit report listing the Defendant as reporting the account. (Pl.'s Resp. at 3.) While the Court would encourage the parties to conduct discovery and then file a more thorough motion for summary judgment, it is apparent at this point in the proceedings that there is a genuine issue of material fact.

Accordingly, the Court concludes that Defendant's Motion for Summary Judgment fails under the applicable legal standards stated herein. Defendant has not demonstrated that no genuine issue of material fact exists so as to entitle it to judgment as a matter of law. On the contrary, the evidence now before the Court does raise an issue of fact as to whether the North Carolina corporation named here did at one point report this account to a credit reporting agency. Therefore, the Court will deny Defendant's Motion for Summary Judgment.

IV.    CONCLUSION

**FOR THE REASONS STATED ABOVE,** Defendant's Motion to Dismiss or, in the

Alternative, for Summary Judgment, (file doc. 4), is **DENIED**.

**Signed: November 17, 2005**

Graham C. Mullen
Chief United States District Judge